[Crim. No. 7065. In Bank. May 15, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. ALEXANDER ARAGON ROJAS and JOE HIDALGO, Defendants and Appellants.

Alexander L. Oster for Defendants and Appellants.

Stanley Mosk, Attorney General, and S. Clark Moore, Deputy Attorney General, for Plaintiff and Respondent.

WHITE, J.—Defendants were convicted of the crime of attempting to receive stolen property. The defendant Hidalgo was sentenced to state prison while his codefendant Rojas was granted conditional probation after the suspension of proceedings as to him. This appeal is from the judgment pronounced against Hidalgo and the order granting probation to Rojas.

As to the factual background surrounding this prosecution, the record reveals that the defendant Hidalgo arranged to purchase a truck load of stolen electrical supplies from one Hall. Thereafter the truck was intercepted by police officers and the electrical supplies were technically in their custody when delivery was made to Hidalgo. The defendant Rojas was apprehended in the act of unloading the supplies at the defendants' place of business and admitted knowledge that the goods were stolen.

Defendants were originally convicted of receiving stolen property. (Pen. Code, § 496.) Proceedings were suspended

as to defendant Rojas and he was granted conditional probation while defendant Hidalgo was sentenced to state prison. On appeal to this court we modified the finding that defendants were guilty of the substantive offense of receiving stolen property to find them guilty of the offense of attempting to receive stolen property. (*People* v. *Rojas*, 55 Cal.2d 252 [10 Cal.Rptr. 465, 358 P.2d 921].) At page 261 of our opinion we directed that ''The judgment and probation order are reversed and the cause is remanded to the trial court for further proceedings not inconsistent with the views hereinabove expressed, and with directions to enter such lawful judgment or order against each defendant, based on the modified finding, as the court deems appropriate.''

When the cause was again before the trial court pursuant to our directions, counsel for defendants requested that the matter again be referred to the probation officer for a new and current report. The deputy district attorney also asked that the matter be then referred to the probation department for the reason that there had been further reports of receiving stolen property at the place of business where defendants had been apprehended. Without acting on the request the court continued the matter to a subsequent date. On that date counsel for defendants renewed the request, and the deputy district attorney joined therein. Thereupon the court remarked: ''I don't think it is necessary. . . . I don't see any reason for changing the sentence,'' to which defense counsel responded: ''It must necessarily be changed. They were charged with a completed offense and not an attempt''; whereupon the court concluded, ''I don't understand it that way.''

The defendant Hidalgo was again sentenced to state prison for the term prescribed by law. Proceedings as to the defendant Rojas were suspended and probation granted for a period of five years on the condition, among others, that he spend the first 180 days in the county jail. ▪ Although it does not appear from the instant record, the period of and the terms and conditions for probation are identical in all material respects to those imposed on Rojas in the original proceedings of which we take judicial notice. (Code Civ. Proc., § 1875, subd. 3; *Flores* v. *Arroyo*, 56 Cal.2d 492, 496-497 [15 Cal.Rptr. 87, 364 P.2d 263].) The two conditions imposed in the *Flores* case for the taking of judicial notice of a prior order, that the latter be ''appropriately drawn to the attention of'' the court and that the opposing party have adequate notice and opportunity to be heard on the question

of the effect of such prior order, have been clearly fulfilled herein. While the *Flores* case dealt with judicial notice by a trial court, the rules announced therein do not purport to be so limited. (See *Preston* v. *Wyoming Pac. Oil Co.*, 197 Cal. App.2d 517 [17 Cal.Rptr. 443].)

█ It is urged herein by defendants that the trial court abused its discretion in reimposing the identical punishment after this court ordered a reduction in the convictions to an attempt to commit the substantive crime. The defendant Hidalgo did not in fact receive the same punishment. Although he was sentenced in both instances to the term prescribed by law the maximum term for the attempt as imposed in the instant proceedings is but one-half the maximum term for the substantive crime. (Pen. Code, § 664, subd. 1.) Moreover, as to the defendant Rojas we are persuaded that the contention lacks substance. Since the modified findings of guilt were altered only as to the legal effect of the facts surrounding the crime, rather than the findings of fact which constituted the crime itself, the conditions of probation instantly imposed by the trial court would not appear to be an abuse of the broad discretion vested in that court to impose terms and conditions of probation "to the end that justice may be done." (Pen. Code, § 1203.1; see also *People* v. *Hollis*, 176 Cal.App.2d 92, 97 [1 Cal.Rptr. 293].) The probation period of five years is allowed herein by statute, as is the condition that Rojas spend the first 180 days in the county jail. (See Pen. Code, §§ 1203.1, 496, 664.)

We are persuaded, however, that the trial court erred in refusing to refer defendants' case to the probation department for a current report before imposing sentence in the case of Hidalgo and the instant terms of probation in the case of Rojas. █ Moreover, in the case of Hidalgo it appears that the court failed to even consider the application for probation. Although the minutes state, "Probation denied," the reporter's transcript indicates that after much discussion relative to a referral to the probation department no order was expressly made denying probation and sentence was immediately imposed. In any event there is no record of compliance with the mandate of section 1203 of the Penal Code that ". . . in every felony case in which the defendant is eligible for probation, before any judgment is pronounced, and whether or not an application for probation has been made, the court must immediately refer the matter to the probation officer to investigate and to report to the court, at

a specified time, upon the circumstances surrounding the crime and concerning the defendant and his prior record, which may be taken into consideration either in aggravation or mitigation of punishment. . . . At the time or times fixed by the court, the court must hear and determine such application, if one has been made, or in any case the suitability of probation in the particular case, and in connection therewith must consider any report of the probation officer, and *must make a statement that it has considered such report which must be filed with the clerk of the court as a record in the case.* . . ." (Emphasis added.) The statement referred to in section 1203 does not appear as a matter of record. ██ In view of the circumstances under which the proceedings were had and the lack of the statement by the court, it is manifest that the recital in the reporter's transcript must control over the bare statement in the clerk's minutes of "Probation denied," and that the court in fact did not determine Hidalgo's application for probation as required by the statute." (See *People* v. *Hymes,* 161 Cal.App.2d 668, 673-674 [327 P.2d 219]; cf. *People* v. *Givens,* 182 Cal.App.2d 75 [5 Cal.Rptr. 648].)

The situation herein is not dissimilar to that in *People* v. *Neal,* 108 Cal.App.2d 491 [239 P.2d 38], wherein it was stated at pages 493, 494 and 495: "No order was made granting or denying probation, and no order at all was made with respect to defendant's application for probation. . . . Section 1203 of the Penal Code provides, . . . 'At such time . . . fixed by the court, the court *must hear and determine such application* and in connection therewith must consider any report of the probation officer, and *must make a statement that it has considered such report which must be filed with the clerk of the court* as a record in the case.' . . . Although the judge indicated that he would deny probation, he made no order denying probation. It does not appear that the judge made a statement that he had considered the report of the probation officer. . . . Defendant was entitled to have his application for probation heard and determined according to the provisions of said section 1203. . . . It does not appear that appellant is ineligible for probation. By reason of the failure of the judge to rule upon appellant's application for probation, the appellant was deprived of a substantial right." ██ Hidalgo, similarly, is entitled to have his application determined by the trial court. (*People* v. *Gotto,* 138 Cal. App.2d 165 [291 P.2d 41].)

 In the instant case Rojas was granted probation and his application was, therefore, considered by the court. But he complains that in considering the application the court should have obtained and considered also a current probation report. We are satisfied that in refusing to obtain such a report the court failed to comply with the mandate of section 1203, and Rojas too was deprived of a substantial right. In so concluding we note first that the statute itself provides: ". . . in every felony case in which the defendant is eligible for probation, *before any judgment is pronounced,* and whether or not an application for probation has been made, the court must *immediately* refer the matter to the probation officer. . . ." (Emphasis added.) By its express terms the statute requires before the pronouncement of *any* judgment an *immediate* referral to the probation officer. We can attribute no other reasonable meaning to the word "immediately" in the context in which it is used. In the instant case some 15 months had elapsed between the first probation report and the instant judgment. It is manifest that the prior referral cannot be deemed to be *immediate* to the present judgment then contemplated. We note too that a referral to the probation officer is required prior to "any" judgment, that is, a referral on each occasion of passing judgment. We can conclude only that the Legislature intended, with each contemplated pronouncement of judgment and the concurrent determination of whether to grant or deny probation where an accused is otherwise eligible, that a defendant is entitled to have a current report before the trial judge. Suffice to say there was no current report in the instant circumstances. Although the statute by its express terms speaks of a referral as a prerequisite "before any judgment is pronounced," this cannot be construed to mean that because judgment was not thereafter pronounced, as in the case where proceedings are suspended and probation granted, the referral was properly omitted. The referral is required where the pronouncement of judgment is contemplated in the ordinary course of criminal proceedings.

 In addition to the express language of the statute, the overall purpose and objectives of the law relating to probation are more completely accomplished by requiring current investigations and reports. The declared purpose of a grant of probation is "that justice may be done, that amends may be made to society for the breach of the law, for any injury done to any person resulting from such breach and

generally and specifically for the reformation and rehabilitation of the probationer. . . ." (Pen. Code, § 1203.1.) In *People* v. *Hainline*, 219 Cal. 532 [28 P.2d 16], it is said at page 534 that "Probation is defined as an act of grace and clemency, which may be granted by the court to a seemingly deserving defendant, whereby he may escape the extreme rigors of the penalty imposed by law for the offense of which he stands convicted. (*People* v. *Payne*, 106 Cal.App. 609 [289 P. 909], and cases therein cited.)" In the instant case the record reveals that the defendants had been at large on bail while their convictions were pending on appeal. Their conduct during that period would bear directly on the question of their "reformation and rehabilitation" while under restraint of judicial punishment. ▄▄▄ Moreover, the determination to grant or deny probation is also one in which the state, as well as the defendants, has an interest within the statutory declarations. ▄▄▄ In the instant case particularly the necessity for protecting the state's interest was made known by the declaration of the deputy district attorney that there were reasons to believe that the receipt of stolen goods had continued at the address at which defendants had engaged in a business. It is thus apparent that by its express language and the purpose of affording to only a "seemingly deserving defendant" an opportunity for reformation and rehabilitation without the walls of prisons, the Legislature intended that the trial court make its determination by availing to itself current probation reports.

The judgment and the order granting probation are vacated and the cause remanded with directions to the court below to refer the matter to the probation officer; thereafter to consider the latter's report and to thereupon pronounce such lawful judgment or order against each defendant as the court may determine.

Gibson, C. J., Traynor, J., Schauer, J., McComb, J., Peters, J., and Dooling, J., concurred.