[Crim. No. 9923.    Second Dist., Div. Four.    Nov. 10, 1964.]

THE PEOPLE, Plaintiff and Respondent, v. ROLAND CAUSEY, Defendant and Appellant.

Nicholas Ferrara for Defendant and Appellant.

Stanley Mosk and Thomas C. Lynch, Attorneys General, William E. James, Assistant Attorney General, and George J. Roth, Deputy Attorney General, for Plaintiff and Respondent.

KINGSLEY, J.—Appellant was convicted of grand theft. He appealed, and the conviction was affirmed. (*People* v. *Causey* (1963) 220 Cal.App.2d 641 [34 Cal.Rptr. 43].)  When

the remittitur on appeal was filed in the trial court, appellant, the execution of his sentence having been stayed pending the appeal, filed a motion ''(1) for an order vacating the judgment and sentence pronounced or imposed upon the defendant, and (2) for an order granting defendant probation without confinement, upon such terms and conditions as the court shall determine, and (3) for an order vacating judgment or order of commitment.'' After argument, that application was denied by the trial court on December 3, 1963; the court granted a stay of execution which, as subsequently extended, ran until January 31, 1964. In presenting the motion, appellant relied on the matters then in the court file, including the original probation report, by then some two years and three months old. No request for a current report was then made, although the appellant did seek to introduce a tape recording of a witness (then deceased) contradictory of testimony adverse to appellant in his trial. The offer was rejected by the court.[1]

On December 11, 1963, appellant filed a notice of a new motion, seeking similar relief, in which, for the first time, he requested that the court order a new and current probation report. Although the record shows no action on this application, appellant's counsel states in his brief (and the statement is not denied) that the court allowed the application to be filed but orally and summarily denied it in toto.

On December 12, 1963, appellant filed a notice of appeal from the order of December 3, 1963.

On January 27, 1964, appellant presented to the trial court a third, written, motion for an order staying execution. The motion was denied. On the same day, appellant filed a written application which renewed his request filed on December 11, 1963. No action seems ever to have been taken on this application. However, on January 28, 1964, appellant noticed an appeal from the ''(1) order denying defendant's application to suspend execution of judgment and sentence, (2) order denying defendant's application for probation, (3) order refusing to refer the matter of defendant's application for

---

[1]We see no error in this ruling. As appellant correctly states, the recording was not offered in an attempt to avoid the conviction, but to show that he was not quite as bad a person as the trial record and the original probation report made him out to be. However, the record shows that the trial court was aware of the substance of the tape recording, did consider it in making its ruling, but did not regard it as sufficient to justify a grant of probation. Appellant was not entitled to anything more with reference to this item.

probation to the probation officer for a current investigation and report before denying defendant's application for probation, (4) order denying defendant's application for stay of execution of judgment and sentence and commitment, in the above entitled action, each made and entered on or about January 27, 1964 by the above entitled court, and from the whole of each of said orders.'' The clerk refused to file this notice, on the ground that the orders involved were not appealable; on February 25, 1964, we ordered the notice filed, consolidated the two appeals, and reserved the issue of appealability for consideration at this time. By orders made in connection with the pending appeals, execution of appellant's sentence remains stayed until their final determination.[2]

The attempted appeal from the ''orders'' of January 27, 1964, must be dismissed. In the first place, the filing on December 12th of the notice of appeal from the order of December 3, 1963, divested the trial court of all jurisdiction over the case except as to applications for bail and for a stay of execution; and an order denying a stay of execution is not appealable, the remedy being by a de novo application to the appellate court. In the second place, as pointed out above, apart from an order denying a further stay of execution, the record shows no other order made on January 27th; there being no orders, there was nothing from which to appeal.

However, we regard the order made on December 3, 1963, as appealable. Respondent argues (1) that an order denying probation is not appealable and (2) that, if the motion be regarded as one to vacate the judgment of conviction, the sole remedy was by application to this court pursuant to section 1265 of the Penal Code. While the written notice of motion is ambiguous, it is clear from the discussion between court and counsel that appellant did not seek to set aside his conviction; it follows that the application was not one in the nature of coram nobis and that we need not consider the rules governing such applications. What appellant sought, clearly, was an order suspending his prison sentence and admitting him to probation. ■ While it is true that an order denying probation is not appealable on its merits, an appeal does lie, as from an order ''made after judgment,

---

[2]On June 19, 1964, because of the questions raised as to appealability of the orders herein involved, appellant sought a writ of mandate to review them. The petition was denied, without comment, on June 22, 1964. Because of this summary denial, it cannot be said whether action was on the merits or in the exercise of discretion. The denial, thus, was not an adjudication of any of the issues herein raised and decided.

affecting the substantial rights of the party,'' (Pen. Code, § 1237) where the denial is for lack of jurisdiction (*People* v. *Banks* (1959) 53 Cal.2d 370 [1 Cal.Rptr. 669, 348 P.2d 102]), or where the trial court has committed procedural error in passing on the application. (*People* v. *Rojas* (1962) 57 Cal.2d 676 [21 Cal.Rptr. 564, 371 P.2d 300].)

Respondent next argues that there is no right to apply for probation after a judgment and sentence have been affirmed on appeal. The law is well settled to the contrary. As long as the execution of the sentence has not begun, the trial court retains jurisdiction over the defendant and has power to receive and act on an application for probation, even after an affirmance on appeal. (*People* v. *Banks, supra* (1959) 53 Cal.2d 370, 383; *Lloyd* v. *Superior Court* (1929) 208 Cal. 622 [283 P. 931].) It is clear that, in this instance, the trial court did exercise its jurisdiction and entertain the first application, and that the proceedings on December 3, 1963, amounted to a consideration of that application on its merits.

Whenever a trial court does entertain an application for probation, it must then proceed to consider it in compliance with the procedural requirements imposed by section 1203 of the Penal Code. Appellant contends that the proceedings herein did not so comply by reason of the fact that the court had not ordered, received or considered a current probation report but, instead, acted on the original report, by then some two and one-half years old.

Although, as we have noted above, appellant did not ask for a new and current probation report in connection with the December 3, 1963 proceedings, that omission was called to the attention of the court on December 11th, prior to the appeal, and while the court still retained jurisdiction over him. Further, the requirement that an application for probation be considered in the light of a current probation report is one imposed by statute and is mandatory on the trial court. (*People* v. *Rojas, supra* (1962) 57 Cal.2d 676.) While the trial court stated that, on the record then before it, it did not regard appellant as a fit person for probation, and while it is true that his counsel stated that he had nothing to offer not already in the record as supplemented by his oral argument, still we cannot know what a current report, made by a professional probation officer, might have disclosed, nor in what light such a report would have presented appellant as of the time of the hearing. Further, a probation

report contains a recommendation by the probation officer. While the recommendation is not binding on the court, still it is part and parcel of the report which the statute affirmatively requires the court to ''read and consider.'' Since no current report was before the court, it was error to act on the request for probation until one had been ordered, received, read and considered.

The purported appeal from the orders of January 27, 1964, is dismissed; the order of December 3, 1963, is reversed with directions that the court order and consider a current probation report and also consider such other information as appellant may desire to present and the court shall deem relevant. The execution of the sentence of imprisonment heretofore imposed is stayed until completion of proceedings in the trial court.

Burke, P. J., and Jefferson, J., concurred.