[Civ. No. 31577. Fourth Dist., Div. One. Mar. 1, 1984.]

JERRY LEE VAN VELZER, Petitioner, v.
THE SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

**COUNSEL**

Richard D. Muir for Petitioner.

No appearance for Respondent.

Edwin L. Miller, Jr., District Attorney, Peter C. Lehman and Thomas F. McArdle, Deputy District Attorneys, for Real Party in Interest.

**OPINION**

**BUTLER, J.**—Jerry Lee Van Velzer pleaded guilty to child molesting (Pen. Code,[1] § 288, subd. (a)) and witness tampering (§ 137, subd. (a)) on No-

---

[1] All statutory references are to the Penal Code unless otherwise specified.

vember 18, 1982. On December 16, 1982, the court sentenced him to prison for 13 years, 8 months. Van Velzer appealed his sentence and, in an unpublished opinion, we remanded the case to the superior court for resentencing.

When Van Velzer appeared for resentencing on December 19, 1983, he successfully asked the court for a continuance to have a new probation report prepared and a psychological evaluation conducted. At that time, Van Velzer's attorney submitted a supplemental statement in mitigation, asking the court to consider matters relative to Van Velzer's care and treatment in prison since the date of the original, now vacated, sentence.

The People objected to the court considering this new information, arguing the court could not consider any matters after the original December 16, 1982, sentencing. They based their argument on California Rules of Court[2] rule 435(b)(1), analogizing Van Velzer's resentencing to imposition of sentence following probation revocation. The court agreed and sealed the documents. Van Velzer now seeks a writ of mandate directing the trial court to consider all information up to and including the date of his resentenc- We agree with Van Velzer's contention the court may properly consider all matters affecting a defendant being resentenced up to and including the date of resentencing, and therefore grant the writ.

Rule 435(b)(1) prohibits a sentencing court, upon revoking a defendant's probation, from considering circumstances existing after the time probation was granted. Subsequent events may not be considered where a valid judgment exists and the court is merely imposing a previously suspended sentence after probation fails. However, Van Velzer is not a failed probationer. The effect of our reversing his sentence was to restore him to his original position as if he had never been sentenced on December 16, 1982. Thus, upon resentencing, Van Velzer is entitled to all the normal procedures and rights available at the time judgment is pronounced (see *In re Cortez* (1971) 6 Cal.3d 78, 88 [98 Cal.Rptr. 307, 490 P.2d 819]; § 1203, subd. (b); rule 419). This includes the right to a current probation report and any other information concerning Van Velzer while incarcerated (see *People* v. *Rojas* (1962) 57 Cal.2d 676, 682-683 [21 Cal.Rptr. 564, 371 P.2d 300]; *People* v. *Keller* (1966) 245 Cal.App.2d 711, 717 [54 Cal.Rptr. 154]).

 A probation report is required "where the pronouncement of judgment is contemplated in the ordinary course of criminal proceedings." (*Peo-*

---

[2] All rule references are to California Rules of Court unless otherwise specified.

[3] Resentencing was originally set for February 10, 1984. However, we issued a stay pending resolution of this issue.

*ple* v. *Rojas, supra,* at p. 682.) The report necessarily includes collateral information about the defendant, such as written statements from the attorneys and from "correctional personnel who observed the defendant's behavior during any period of presentence incarceration" (rule 419(a)(7)). We see no reason the court should not consider evidence of Van Velzer's care and treatment in prison since the time of the original sentence.[4]

 Real party has responded to the petition and the remedy is clear. An alternative writ or order to show cause could add nothing to the presentation already made. A peremptory writ is proper (Code Civ. Proc., § 1088; *United Nuclear Corp.* v. *Superior Court* (1980) 113 Cal.App.3d 359 [169 Cal.Rptr. 827]; *Goodenough* v. *Superior Court* (1971) 18 Cal.App.3d 692, 697 [96 Cal.Rptr. 165]).

Let a peremptory writ of mandate issue directing the superior court to consider at resentencing all materials relating to Van Velzer up to and including the date of resentencing. The temporary stay issued by this court on February 2, 1984, is vacated.

Brown (Gerald), P. J., and Cologne, J., concurred.

---

[4]The supplemental statement in mitigation includes three praiseworthy letters from staff members at San Luis Obispo Men's Colony and a declaration from Van Velzer's attorney stating Van Velzer was not receiving the psychological counseling specifically requested by the court.