[No. F011658. Fifth Dist. Dec. 20, 1989.]

THE PEOPLE, Plaintiff and Respondent, v.
PETER ANTHONY MERCANT, Defendant and Appellant.

**COUNSEL**

Richard G. Rumery, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, and Wanda Hill Rouzan, Deputy Attorney General, for Plaintiff and Respondent.

OPINION

FRANSON, P. J.—

STATEMENT OF THE CASE

Appellant was convicted on his guilty plea of violating Penal Code section 12021, subdivision (a)[1] (felon in possession of a concealable firearm) on December 13, 1985. Appellant entered this plea on the condition the court could sentence him to no more than two years in state prison. The court referred the matter to the probation department and set the sentencing hearing for January 16, 1986. A probation report was submitted on January 6, 1986.

Appellant failed to appear for sentencing on January 16, 1986. Appellant did not appear until January 19, 1989, approximately three years later. At that time appellant's counsel, Mr. Ulman, requested a continuance so that a supplemental probation report could be prepared. Counsel further stated that he was not prepared to proceed because the matter had previously been handled by a different deputy public defender. However, appellant stated he had no objection to Mr. Ulman appearing for him that day. The court denied the request for a continuance.

Appellant's request for probation was denied, and he was sentenced to state prison for two years pursuant to the negotiated plea.

■ Appellant contends the trial court erred in sentencing him without a current probation report, and consequently, the case must be remanded for resentencing. We agree.

ISSUE

*A supplemental probation report should have been prepared before appellant was sentenced.*

Section 1203, subdivision (b) provides in part: "[I]n every case in which a person is convicted of a felony and is eligible for probation, before judgment is pronounced, the court shall *immediately* refer the matter to the probation officer to investigate and report to the court, at a specified time, upon the circumstances surrounding the crime and the prior history and record of the person, which may be considered either in aggravation or mitigation of the punishment. . . ." (italics added.)    ■    This statute has repeatedly

---

[1] All statutory references are to the Penal Code unless otherwise indicated.

been held to require a current probation report upon resentencing proceedings following a remand by the appellate court. (*People* v. *Cooper* (1984) 153 Cal.App.3d 480, 483 [200 Cal.Rptr. 317].) In fact, this court has held that even when the defendant is ineligible for probation, if the resentencing court has discretion to alter the length of the defendant's imprisonment, it must obtain a new, updated probation report before proceeding with the resentencing. (*People* v. *Brady* (1984) 162 Cal.App.3d 1, 7 [208 Cal.Rptr. 21].)

██ Respondent contends that, despite the three-year delay in sentencing, appellant was not entitled to a supplemental probation report because he was not being resentenced. Respondent notes appellant did not serve time in custody and created his own delay by becoming a fugitive. Nevertheless, the right to a current probation report is not dependent on serving time in custody. (Cf. *People* v. *Causey* (1964) 230 Cal.App.2d 576 [41 Cal.Rptr. 116].) Rather, a current report is required because, by reversing a defendant's sentence, the court restores the defendant to his original position as if he had never been sentenced. Thus, the defendant is entitled to all the normal procedures and rights available at the time judgment is pronounced, including the right to a current probation report. (*Van Velzer* v. *Superior Court* (1984) 152 Cal.App.3d 742, 744 [199 Cal.Rptr. 695].) Here, rather than being restored to his original position, appellant maintained that position by failing to appear.

In *People* v. *Rojas* (1962) 57 Cal.2d 676 [21 Cal.Rptr. 564, 371 P.2d 300], the court concluded section 1203 requires that the trial court consider a current probation report before pronouncing judgment. As previously noted, the statute states that before judgment is pronounced, " 'the court must *immediately* refer the matter to the probation officer.' " (*Id.* at p. 682.) The *Rojas* court determined the Legislature's use of the word "immediately" indicated that a defendant is entitled to have a current report before the trial judge with each pronouncement of judgment. (*Ibid.*)

Here, the trial court did not have a current probation report before pronouncing judgment on appellant. The report was three years old. (Cf. *People* v. *Causey, supra*, 230 Cal.App.2d 576, 579 [case reversed with directions that trial court order and consider a current probation report when trial court had relied on a report two and one-half years old].) The fact that appellant was not being resentenced is irrelevant. Regardless of the procedural history, a current report is required on each occasion of passing judgment. (*People* v. *Rojas, supra*, 57 Cal.2d 676, 682; *People* v. *Cooper, supra*, 153 Cal.App.3d 480, 483.) Although appellant caused the delay by failing to appear, that unlawful action should not deprive him of the statutory right to a current probation report. (Cf. *People* v. *Cruz* (1988) 44 Cal.3d 1247 [246 Cal.Rptr. 1, 752 P.2d 439].) Separate sanctions are

available against a fleeing defendant under sections 1320 and 1320.5. (*Id.* at p. 1249.)

Respondent further argues that if any error occurred, it was harmless. The trial court, however, was not bound by the plea bargain to impose the two-year sentence. That sentence was merely the maximum which could be imposed under the terms of the plea. Further, the court could have withdrawn its approval of the plea. (*People* v. *Cruz, supra,* 44 Cal.3d 1247, 1250.) With respect to whether a current probation report could have benefited appellant under these circumstances, we cannot know "what a current report, made by a professional probation officer, might have disclosed, nor in what light such a report would have presented appellant as of the time of the hearing." (*People* v. *Causey, supra,* 230 Cal.App.2d 576, 579.)

Since a current probation report was not before the court, the case must be remanded for a new sentencing hearing. In light of this conclusion, it is unnecessary to determine whether the trial court erred in denying trial counsel's request for a continuance.

### DISPOSITION

The judgment is reversed, and the matter is remanded to the trial court with directions to order a current probation report and, giving due consideration to that report, to resentence appellant.

Martin, J., and Dibiaso, J., concurred.