Filed 4/22/21  P. v. Latscha CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>RUDY LATSCHA,<br><br>    Defendant and Appellant. | B306680<br><br>(Los Angeles County<br>Super. Ct. No. KA111966) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Juan Carlos Dominguez, Judge.  Affirmed as modified.

Waldemar D. Halka, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven D. Matthews and Gary A. Lieberman, Deputy Attorneys General, for Plaintiff and Respondent.

_____

In this second appeal, defendant Rudy Latscha challenges the judgment following his resentencing. He argues we must reverse the judgment because (1) the trial court did not order a new probation report prior to the resentencing hearing; (2) the trial court misunderstood the extent of its discretion when it declined to strike two firearm enhancements or impose lesser enhancements; and (3) the trial court failed to comply with this court's remand order concerning the assessment of fines and fees. As set forth below, we disagree. Defendant, however, is correct that the abstract of judgment must be modified to reflect properly his custody credits and local conduct credit. We order the abstract of judgment to be modified and otherwise affirm the judgment.

## BACKGROUND

In the first amended information, the People charged defendant with the February 8, 2016 attempted murder of Louie Gomez (count 1). The People alleged that defendant used and discharged a firearm within the meaning of section 12022.53, subdivisions (b) and (c). The People charged defendant in count 2 with the February 8, 2016 shooting at an occupied motor vehicle and alleged a gang enhancement. Count 3 involved the January 28, 2016 attempted murder of Gomez along with firearm enhancements within the meaning of section 12022.53, subdivisions (b), (c), and (d) and a gang enhancement. In count 6,[1] the People alleged that defendant assaulted Maribel Montoya with a firearm. The People further alleged that defendant inflicted great bodily injury on Montoya. In count 7,

---

[1] The amended information did not include a count 4 or 5.

2

the People alleged that defendant assaulted Jose Navarro with a firearm. With respect to counts 6 and 7, the People alleged a gang enhancement and that defendant personally used a firearm within the meaning of section 1203.06, subdivision (a)(1) and 12022.5, subdivision (a). With respect to all counts, the People alleged that defendant suffered a prior serious or violent felony conviction within the meaning of the "Three Strikes" law, a serious felony conviction within the meaning of section 667, subdivision (a)(1), and two prior convictions within the meaning of section 667.5, subdivision (b).

The jury "convicted [defendant] of the January 28, 2016 attempted murder of Louie Gomez; the January 28, 2016 assault with a firearm against Maribel Montoya and Jose Navarro; the February 8, 2016 attempted murder of Gomez; and shooting at an occupied motor vehicle." (*People v. Latscha* (Apr. 18, 2019, B283284) [nonpub. opn.], at p. 2 (*Latscha I*).) The jury also found the firearm and gang enhancements true. (*Ibid.*) Defendant admitted that he suffered a prior strike conviction within the meaning of the Three Strikes law, section 667, subdivision (a)(1) and section 667.5, subdivision (b).

1.  ***This court previously affirmed defendant's judgment of conviction***

The following factual summary is from our April 18, 2019 opinion following defendant's first appeal:

"Latscha, also known as 'Tito,' was a member of the Bassett Grande gang in the San Gabriel Valley. Latscha had a number of gang-related tattoos, including the letter "B" on his chin (representing the Bassett Grande gang), and the word 'Sureno' on the top of his head. A Sureno is a member of any street gang who

3

enters prison and commits crimes for the benefit of the Mexican Mafia prison gang." (*Latscha I, supra*, B283284, at p. 3.)

Victim "Gomez, also known as 'Trigger,' was a former member of the Bassett Grande gang. . . . In 2013 or 2014, Gomez began providing information to the police to avoid arrests for minor infractions; on occasion, the Los Angeles Police Department paid Gomez in exchange for information." (*Latscha I, supra*, B283284, at pp. 3–4.) Latscha described Gomez as a "gang drop-out and/or a 'green-lighter,' which is somebody the gang wants to hurt." (*Latscha I, supra*, B283284, at p. 4.)

"On January 28, 2016, Gomez was in front of his house flying a drone airplane with his friend, Navarro. Montoya drove to Gomez's house and parked in the driveway. Shortly thereafter, Gomez saw a silver car drive up and stop in front of his house; Latscha was hanging out of one of the windows shooting a gun. Latscha aimed the gun at Gomez, but Montoya was between them. As Gomez ran toward his house, he heard nine or 10 gunshots. Gomez was shot in the thigh and ankle. Montoya was shot once in the leg and Navarro, who had been between Latscha and Gomez at one point during the shooting, suffered a graze wound to the leg." (*Latscha I, supra*, B283284, at pp. 4–5.)

"On February 8, 2016, Gomez drove in Bassett Grande territory when he saw Latscha standing on a corner. Latscha pointed a gun at Gomez and shot several times. There were eight bullet holes in Gomez's car, including some in the area of the driver's side door." (*Latscha I, supra*, B283284, at p. 5.)

In the prior appeal, this court held that "the sentence on the attempted murder counts must be modified to delete the

4

10-year gang enhancements." (*Latscha I*, *supra*, B283284, at p. 19.)  We also held that the case "must be remanded to the trial court to exercise its discretion [and decide whether] to strike the firearm enhancements on counts 1 (attempted murder of Gomez) and 3 (attempted murder of Gomez).  (*Ibid.*)  The "trial court must also exercise its discretion under section 1385 whether to strike the prior serious felony enhancement."  (*Latscha I*, at p. 21.)

This court's disposition provided:  "The judgment of conviction is affirmed.  The sentence is vacated and the matter is remanded to the trial court with directions to (1) strike the gang enhancements in counts 1 and 3, (2) exercise its discretion whether to strike or dismiss the firearm enhancements under section 12022.53, subdivision (h), (3) exercise its discretion whether to strike the prior serious felony enhancement, and (4) resentence Latscha accordingly.  The trial court is directed to prepare an amended abstract of judgment reflecting its changes to Latscha's sentence and forward a copy to the Department of Corrections and Rehabilitation."  (*Latscha I*, *supra*, B283284, at p. 21.)

In a May 10, 2019 order modifying the opinion and denying rehearing, this court ordered the disposition include the following:  "On remand, the trial court should allow Latscha to request a hearing on his ability to pay the court operations assessment (§ 1465.8) and court facilities assessment (Gov. Code, §70373) pursuant to *People v. Dueñas* (2019) 30 Cal.App.5th 1157.  If Latscha demonstrates his inability to pay, the court must strike these assessments.  The trial court should also consider whether to allow Latscha to present evidence as to his inability to pay the restitution fine (§1202.4).  If the court

determines that Latscha does not have the ability to pay the restitution fine, it must stay execution of the fine." (*People v. Latscha* (May 10, 2019, B283284 [order mod. opn.].).)

### 2.    *Probation report*

A preconviction probation report was filed in superior court on June 8, 2017.  The probation report indicated that as a juvenile, defendant committed several crimes including the possession of marijuana, assault with a firearm, and two counts of minor in possession of a firearm.  As an adult, defendant was convicted of assault with a semiautomatic firearm, possession of a controlled substance, petty theft, vehicle theft, and being a felon in possession of a firearm.

Defendant previously was employed in construction, flooring, and as a tile installer.  At the time of his crime, defendant was on post release supervision with the Los Angeles County Probation Department.  The probation report indicated that defendant was not eligible for probation.

### 3.    *July 2, 2020 resentencing hearing*

Following this court's remand, the trial court held a resentencing hearing on July 2, 2020.  Defendant's counsel requested that the trial court exercise its discretion to strike the firearm enhancement and the prior serious felony enhancement. The prosecutor argued that defendant did not deserve leniency because the victims were gravely injured, and defendant was on parole at the time of the offense, suffered a prior strike conviction, and harbored specific intent.

Defense counsel did not request an updated probation report.  The trial court noted, "I have no information as to what has transpired since he's been to state prison."  The court stated,

6

"[I]n looking at him it still appears that he is deeply entrenched in the gang life. He was certainly then."

The court indicated it would not exercise its "discretion in striking the firearm or the prior . . . ." The court described defendant's conduct as "an assassination attempt." "The first assassination attempt two other people were struck. Not being deterred, a second assassination attempt was" made. Defendant struck two people, who were not his intended target.

The court sentenced defendant to a total determinate term of 22 years 8 months and a total indeterminate term of life with a minimum parole eligibility date of 78 years. Defendant timely appealed.

## DISCUSSION

### A. Defendant Forfeited His Argument and Demonstrates No Prejudicial Error in Resentencing Him Without an Updated Probation Report

Defendant argues that the trial court committed prejudicial error in resentencing him without ordering a new probation report. Defendant forfeited this argument, which also lacks merit.

#### 1. Defendant's argument is forfeited

Defendant did not request a probation report or object to proceeding without it. Defendant was ineligible for probation because of his strike conviction and because he used a firearm during the attempted murders. (§§ 667, subd. (c)(2), 1203.06.) Because defendant was ineligible for probation, the issue, which is raised for the first time on appeal, is forfeited. (*People v.*

7

*Franco* (2014) 232 Cal.App.4th 831, 834; *People v. Llamas* (1998) 67 Cal.App.4th 35, 39 (*Llamas*).)

## 2. Because defendant was ineligible for probation, the trial court was not required to order a supplemental probation report

California Rules of Court, rule 4.411(a) provides: "When required [¶] As provided in subdivision (b), the court must refer the case to the probation officer for: [¶] (1) A presentence investigation and report if the defendant: [¶] (A) Is statutorily eligible for probation or a term of imprisonment in county jail under section 1170(h); or [¶] (B) Is not eligible for probation but a report is needed to assist the court with other sentencing issues, including the determination of the proper amount of restitution fine; [¶] *(2) A supplemental report if a significant period of time has passed since the original report was prepared*." (Cal. Rules of Court, rule 4.411(a), italics added.)

The italicized language must be read "in light" of the other subdivisions and so interpretated, "a supplemental report is required only if the defendant is eligible for probation." (*Llamas*, *supra*, 67 Cal.App.4th at pp. 39–40.) In this case, defendant was not eligible for probation, and therefore the trial court was not required to order a supplemental report.

Defendant's authorities do not militate a different conclusion. For example, defendant cites *Dix v. Superior Court* (1991) 53 Cal.3d 442, 448 for the proposition that " 'when a case is remanded for resentencing after an appeal, the defendant is entitled to "all the normal rights and procedures available at his original sentencing." ' " At the original sentencing a probation report is mandatory only if the defendant is eligible for probation. (Cal. Rules of Court, rule 4.411(a)(1)(A).) Because defendant is

8

ineligible for probation, *Dix* is of no assistance to his argument. Although a probation report was required in *In re Cortez* (1971) 6 Cal.3d 78, 82–86, the defendant in that case, was eligible for probation; defendant here is not. *People v. Rojas* (1962) 57 Cal.2d 676, is not applicable because in contrast to the case before us where defense counsel did not request an updated probation report, in *Rojas*, "counsel for defendants requested that the matter again be referred to the probation officer for a new and current report. The deputy district attorney also asked that the matter be then referred to the probation department . . . ." (*Id.* at p. 679.) Finally, defendant's reliance on *People v. Mercant* (1989) 216 Cal.App.3d 1192 is misplaced because the court that decided that case has since repudiated it. (*People v. Bullock* (1994) 26 Cal.App.4th 985, 987–989.)

### 3. Defendant demonstrates no prejudice

Even were we to assume for purposes of this appeal that the trial court should have ordered a supplemental probation report, defendant demonstrates *no* prejudice under any standard. Defendant fails to delineate any conduct occurring after the initial probation report that would have assisted him in persuading the court to exercise its discretion in his favor. Although defendant argues in the abstract that there may be compelling reasons for ordering a probation report, he identifies no such compelling reason in this case. Further, defendant's assertion that the trial court had no information as to whether defendant had rehabilitated himself, does not demonstrate prejudice where defendant identifies no evidence of any such rehabilitation.

**B.    Defendant Fails to Show the Trial Court Misunderstood the Extent of Its Discretion to Strike the Section 12022.53 Firearm Enhancements, and Assuming Error, Defendant Fails to Show Prejudice**

A trial court has discretion, in the interest of justice, to strike or dismiss a section 12022.53 enhancement.  (§ 12022.53, subd. (h).)[2]  Following this court's instruction on remand, the trial court indicated that it would exercise its discretion to impose the section 12022.53, subdivision (c) enhancement on count 1 and the section 12022.53 subdivision (d) enhancement on count 3. Defendant argues that the trial court did not understand that it had discretion to strike the section 12022.53 subdivision (c) and (d) enhancements and impose lesser enhancements.  The issue is forfeited because defendant did not raise it in the trial court. (See *People v. Boyce* (2014) 59 Cal.4th 672, 730 [" '[C]omplaints about the manner in which the trial court exercises its sentencing discretion and articulates its supporting reasons cannot be raised for the first time on appeal.' "]; *In re Sheena K.* (2007) 40 Cal.4th 875, 881 ["[T]he forfeiture rule applies in the context of sentencing as in other areas of criminal law.  As a general rule

_____

[2] Defendant correctly points out that there is a split of authority as to whether the trial court may impose a lesser, *uncharged* enhancement.  (Compare *People v. Tirado* (2019) 38 Cal.App.5th 637, 644, review granted Nov. 13, 2019, S257658 [trial court must impose or strike charged enhancement]; with *People v. Morrison* (2019) 34 Cal.App.5th 217, 222–223 [trial court can impose lesser uncharged enhancement].)  This split of authority is not relevant here because the information, in fact, charged defendant with both the greater and lesser firearm enhancements.

10

neither party may initiate on appeal a claim that the trial court failed to make or articulate a ' "discretionary sentencing choice[ ]." ' "].)

The record, moreover, reflects no misunderstanding on the part of the trial court as to the extent of its discretion to strike or dismiss all firearm enhancements pleaded by the People and found true by the jury.  (See *People v. McDaniels* (2018) 22 Cal.App.5th 420, 428 (*McDaniels*) [trial court may strike greater firearm enhancement and impose lesser charged firearm enhancement].)  We therefore " 'presume that the trial court knew and applied the governing law.' " (*People v. Wang* (2020) 46 Cal.App.5th 1055, 1091.)

In any event, assuming arguendo that the trial court was unaware of the extent of its discretion, defendant demonstrates no prejudice.  The record indicates that the trial court would not have reduced the sentence even if it had additional discretion to do so.  (*People v. Venegas* (2020) 44 Cal.App.5th 32, 42 [rejecting argument that case should be remanded for resentencing when trial court indicated that it would not strike " 'any weapon enhancement' "].)  The court here stated:  "The assassination attempt failed on both times, but Mr. Latscha had no regard for anyone else who was in the vicinity.  [¶]  The first assassination attempt two other people were struck.  Not being deterred, a second assassination" was attempted.  "Attempting to kill anybody is bad enough no matter what means are used, but when you use a firearm, once the firearm is discharged and the bullet leaves the barrel, it is indiscriminate.  And in this case it struck two people that were not the intended target of Mr. Latscha."  Under these circumstances, remand would be an idle act. (*McDaniels*, *supra*, 22 Cal.App.5th at p. 425 ["[I]f ' "the record

11

shows that the trial court would not have exercised its discretion even if it believed it could do so, then remand would be an idle act and is not required." ' "].)

## C. Remand Is Not Required for an Ability to Pay Hearing

In our modified disposition, this court ordered the trial court to allow defendant "to request a hearing on his ability to pay the court operations assessment (Gov. Code, § 70373) pursuant to *People v. Dueñas* (2019) 30 Cal.App.5th 1157." (*People v. Latscha* (May 10, 2019, B283284 [order mod. opn.].) At the resentencing hearing, defendant's counsel stated: "I had a question as to Mr. Latscha's ability to pay restitution or the court assessment fees. I don't know if that was addressed. I had some paperwork on that that he be allowed to address that issue also. If the court is permitting him to do so, that I would ask that he be allowed—the court would strike any of the requirements to pay any fees related to this case. And I would submit." Defense counsel later stated that he had "a two-page document" which described the *Dueñas* case. Defense counsel offered no evidence that defendant lacked the ability to pay any fine or fee.

The trial court imposed a $300 victim restitution fine, a $300 parole revocation fine, a $30 criminal conviction fee per count, and a $40 court operation assessment fee per count. The trial court concluded that the "length of the sentence that the defendant is going to be serving makes it certain that he would be able to pay that based on any wages that he may earn in the state prison. These are a minimum amount of fees that have been imposed against the defendant." The court declined to hold a further ability to pay hearing.

12

On appeal, defendant argues that "[t]he trial court was ordered to strike and/or stay the fines and fees if Latscha demonstrated his inability to pay." Defendant argues that the trial court failed to comply with this court's disposition when it declined to hold a further ability to pay hearing. We disagree.

Defendant's counsel requested the opportunity to "address" defendant's ability to pay and the trial court permitted defense counsel the opportunity to address the issue. Although defense counsel requested the trial court strike all "fees related to this case," defense counsel presented no evidence that defendant lacked the ability to pay any fine or fee. The trial court concluded that it imposed only the minimum rates provided by law and that defendant could pay them based on his prison earnings given the length of his sentence. In so concluding, the trial court complied with our prior ruling.

Although on appeal defendant requests "remand for another resentencing hearing," he demonstrates no error in the trial court's conclusion that he could pay the fines and fees based on his prison earnings. "[G]oing forward, we know he will have the ability to earn prison wages over a sustained period." (*People v. Johnson* (2019) 35 Cal.App.5th 134, 139.) Accordingly, remand for another resentencing hearing to address the minimal fines and fees the trial court imposed would be another idle act.

## D.    The Abstract of Judgment Must Be Amended

The abstract of judgment fails to include the credits awarded to defendant prior to the resentencing hearing. The parties agree that the abstract of judgment should be amended to reflect the actual days of custody credit and 72 days of local conduct credit. The parties disagree as to whether defendant has 1,606 or 1,604 actual days of custody credit.

13

According to the probation report, officers arrested defendant on February 9, 2016.  His resentencing hearing occurred on July 2, 2020.   Taking into account two leap years, the total number of custody credit days should have been 1,606. (*People v. Rajanayagam* (2012) 211 Cal.App.4th 42, 48 ["Calculation of custody credit begins on the day of arrest and continues through the day of sentencing."].)  As the parties agree, the abstract of judgment must be amended to reflect the actual days of custody credit and the local conduct credits.  Because we find no other error, we reject defendant's assertion of cumulative error.

## DISPOSITION

Upon remand, the trial court is directed to amend the abstract of judgment to reflect 1,606 days of custody credit and 72 days of local conduct credit.  In all other respects, the judgment is affirmed.  The trial court is directed to prepare an amended abstract of judgment reflecting its changes to Rudy Latscha's sentence and forward a copy to the Department of Corrections and Rehabilitation.

NOT TO BE PUBLISHED.

BENDIX, J.

We concur:

ROTHSCHILD, P. J.          FEDERMAN, J.*

---

*  Judge of the San Luis Obispo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

14