Filed 10/17/23  P. v. Kiner CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F085267 |
| Plaintiff and Respondent, | (Super. Ct. No. MF011972A) |
| v. | |
| THOMAS KINER, | **OPINION** |
| Defendant and Appellant. | |

## THE COURT*

APPEAL from a judgment of the Superior Court of Kern County.  Colette M. Humphrey, Judge.

Mi Kim, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez, Amanda D. Cary and Lewis A. Martinez, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*        Before Hill, P. J., Peña, J. and Meehan, J.

Defendant Thomas Kiner pled no contest to assault while confined in state prison and admitted a prior felony "strike" conviction within the meaning of the "Three Strikes" law. Defendant also entered a waiver pursuant to *People v. Cruz* (1988) 44 Cal.3d 1247, whereby he was permitted to remain free of custody until his sentencing and the trial court indicated that, if defendant obeyed all laws and appeared for sentencing, it would impose a stipulated term of five years rather than the then maximum exposure of 13 years. Defendant failed to appear for sentencing. Roughly three years eight months after the date set for sentencing, defendant appeared. Prior to the effective date of Senate Bill No. 567 (2021–2022 Reg. Sess.) (Senate Bill 567), the trial court imposed the upper term of 12 years in prison without considering any circumstances in aggravation or mitigation on the record. We vacated defendant's sentence and remanded the matter in light of Senate Bill 567's amendments to section 1170, subdivision (b).

On remand, the trial court resentenced defendant to the same term of imprisonment based on aggravating circumstances found true in reliance on certified records of prior convictions. On appeal, defendant contends his counsel was ineffective in failing to: "(1) research legal principles applicable to a [Senate Bill] 567 resentencing and assert [defendant]'s entitlement to a full resentencing, (2) to request a probation report and present mitigating evidence at resentencing, and (3) to make sure that the sentence is based on complete and accurate information." The People disagree in all three respects. We affirm.

## PROCEDURAL SUMMARY[1]

"On March 9, 2016, the Kern County District Attorney filed an information charging defendant with assault by force likely to produce great bodily injury while incarcerated in state prison (Pen. Code, § 4501,

---

[1] The initial portion of our procedural summary is quoted from our opinion of defendant's original appeal from his conviction. (*People v. Kiner* (May 16, 2022, F082968) [nonpub.opn.] (*Kiner*).)

2.

subd. (b);[2] count 1).  The information further alleged that he personally inflicted great bodily injury (§ 12022.7), had suffered a prior felony strike conviction within the meaning of the Three Strikes law (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)), and had served a prior prison term (§ 667.5, former subd. (b)).

"On July 26, 2017, defendant pled no contest on count 1 and admitted the prior strike conviction and prior prison term allegations.  Pursuant to the plea agreement, the personal infliction of great bodily injury allegation was dismissed.  The court also released defendant pursuant to a *Cruz* waiver, indicating it would impose a five-year term of imprisonment (the low term on count 1, doubled due to the prior strike conviction, plus a one-year prior prison term enhancement) if defendant returned for sentencing on September 26, 2017, and did not commit any new offenses.  Defendant was advised that if he violated the *Cruz* waiver he could be sentenced to 13 years in prison.  Defendant verbally acknowledged that he understood the terms of the plea and *Cruz* waiver.…

"On September 26, 2017, defendant failed to appear at the hearing scheduled for sentencing and the trial court issued a bench warrant but held the warrant until September 28, 2017.

"On September 28, 2017, defendant again failed to appear and the trial court released the hold on the bench warrant.  On January 31, 2018, the trial court issued a no-bail bench warrant.

"On May 25, 2021, defendant appeared in custody.

"On June 22, 2021, the trial court held a hearing to determine whether defendant should be permitted to withdraw his no contest plea and, if so, whether a conflict existed such that the trial court should appoint substitute counsel.  It determined that there was no legal basis for defendant to withdraw his no contest plea.  On the same date, the trial court struck the section 667.5, former subdivision (b) enhancement allegation and sentenced defendant to a total term of 12 years as follows:  on count 1, 12 years (the upper term of six years doubled due to the prior strike conviction).  The trial court did not explicitly find that defendant had willfully violated the *Cruz* waiver, nor did it explicitly find that the circumstances in aggravation justified imposition of a sentence in excess of the middle term. [Fn. omitted.]"  (*Kiner*, *supra*, F082968.)

---

**2**     "All further statutory references are to the Penal Code."

On May 16, 2022, we vacated defendant's sentence and remanded for resentencing and any required factfinding consistent with section 1170, subdivision (b). (*Kiner*, *supra*, F082968.)

On August 30, 2022, the trial court appointed new counsel for defendant and set the matter out to permit any necessary factual investigation and legal research.

On September 28, 2022, the trial court advised the parties that they were permitted to file sentencing briefs. The prosecutor filed a sentencing brief; defendant's counsel did not.

On November 1, 2022, defendant made a *Marsden*[3] motion. During the hearing on that motion, defendant expressed a desire to withdraw his plea and his counsel expressed her understanding, and the resentencing court's indicated ruling, that the scope of the remittitur included only resentencing. Defendant and his counsel both agreed that additional time to discuss the case would be productive. The trial court denied the *Marsden* motion and continued the matter for two days.

On November 3, 2022, defendant made a request to withdraw his plea. The trial court denied the motion, noting that the matter was only before it for resentencing. The court then found true four circumstances in aggravation based only on defendant's certified record of convictions:[4] defendant has engaged in violent conduct that indicates a danger to society (Cal. Rules of Court, rule 4.421(b)(1)),[5] defendant's prior convictions

---

[3]     *People v. Marsden* (1970) 2 Cal.3d 118.

[4]     The certified records of prior convictions at issue were (1) a section 969b packet comprised of defendant's incarceration history and abstracts of judgment for prior convictions and (2) a certified Department of Justice "RAP" sheet, reflecting defendant's prior convictions, and violations of parole, probation, and postrelease community supervision. Defendant's prior convictions included two burglary convictions, a theft with priors conviction, a robbery conviction, and a conviction for assault likely to produce great bodily injury.

[5]     All further rule references are to the California Rules of Court.

as an adult are numerous (rule 4.421(b)(2)), defendant served two prior terms in prison (rule 4.421(b)(3)), and defendant's prior performance on probation, postrelease community supervision, or parole was unsatisfactory (rule 4.421(b)(5)).  Based on the four aggravating circumstances and no circumstances in mitigation, the court imposed the upper term of 12 years (six years, doubled due to defendant's prior strike conviction) on count 1.

On November 3, 2022, defendant filed a notice of appeal.  The trial court granted a certificate of probable cause.

## DISCUSSION[6]

### I.  Ineffective Assistance of Counsel

Defendant argues the trial court erred in failing to "(1) research legal principles applicable to a [Senate Bill] 567 resentencing and assert [defendant]'s entitlement to a full resentencing, (2) to request a [supplemental] probation report and present mitigating evidence at resentencing, and (3) to make sure that the sentence is based on complete and accurate information."  The People respond that the record on appeal does not demonstrate that defense counsel's performance was deficient or that defendant suffered prejudice.  To wit, the record does not demonstrate (1) defendant's counsel failed to research the implications of Senate Bill 567 or that defendant did not receive a full resentencing, (2) an updated probation report or defendant's counsel would have found any mitigating factors, and (3) that any information was missing from the record such that it is incomplete or inaccurate.  We agree with the People.

### A.  Relevant Legal Principles

To establish ineffective assistance of counsel, defendant must show (1) counsel's representation fell below an objective standard of reasonableness under prevailing

---

[6]     Because defendant raises only sentencing issues, the facts underlying the offenses are not relevant and are omitted from this opinion.

professional norms, and (2) counsel's deficient performance was prejudicial. (*Strickland v. Washington* (1984) 466 U.S. 668, 687–688; *People v. Ledesma* (1987) 43 Cal.3d 171, 216–217.) "It is particularly difficult to prevail on an *appellate* claim of ineffective assistance. On direct appeal, a conviction will be reversed for ineffective assistance only if (1) the record affirmatively discloses counsel had no rational tactical purpose for the challenged act or omission, (2) counsel was asked for a reason and failed to provide one, or (3) there simply could be no satisfactory explanation." (*People v. Mai* (2013) 57 Cal.4th 986, 1009.) "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance .…" (*Strickland*, at p. 689.)

To establish prejudice, defendant must make a showing "sufficient to undermine confidence in the outcome" that but for counsel's errors there is a reasonable probability that the result of the proceeding would have been different. (*Strickland v. Washington*, *supra*, 466 U.S. at p. 694; *People v. Ledesma*, *supra*, 43 Cal.3d at pp. 217–218.) "The object of an ineffectiveness claim is not to grade trial counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice … that course should be followed." (*In re Cox* (2003) 30 Cal.4th 974, 1019–1020; *People v. Carrasco* (2014) 59 Cal.4th 924, 982.)

**B. Analysis**

First, as to whether defendant's counsel researched principles applicable to a Senate Bill 567 resentencing, defendant finds no support in the record for either deficient performance or prejudice. As a preliminary matter, as defendant correctly notes, "[a]n attorney's ignorance of a point of law that is fundamental to his case combined with his failure to perform basic research on that point is a quintessential example of unreasonable

performance under *Strickland*." (*Hinton v. Alabama* (2014) 571 U.S. 263, 274.) However, in this case, there is no indication in the record that defendant's counsel did not research legal principles applicable to Senate Bill 567 sentencing. The trial court did not ask defendant's counsel whether she understood the law surrounding Senate Bill 567 and defendant's counsel made no such statement. Indeed, all indications in the record tend to suggest that defendant's counsel was aware of the impact of Senate Bill 567. At defendant's *Marsden* hearing, his counsel informed the court that she and defendant had an hour-long conversation regarding the issues involved in the case. At the sentencing hearing, defendant's counsel argued that "[t]he only factors that … can be considered [are those related to defendant's] criminal history." Defendant's counsel's comment suggests to us that she understood that, notwithstanding the fact that the trial court could not consider any aggravating circumstances not proved true to a jury beyond a reasonable doubt or admitted by defendant, it could consider "defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury." (§ 1170, subd. (b)(3).) We do not understand defendant's counsel's comment to mean that she believed she could not present circumstances in mitigation if they existed.

Defendant further contends that his counsel's performance was deficient because she failed to assert his right to a full resentencing. Specifically, he contends that because his counsel told the court that it could only consider the factors related to defendant's criminal history, the trial court "did not conduct a full resentencing where it could revisit all sentencing choices …." We disagree. Defendant was sentenced only on a single count and the trial court appears to have understood its discretion in resentencing defendant. Further, defendant's counsel requested that the trial court permit defendant to withdraw his plea and, alternatively, that it sentence defendant to the middle term. The

7.

court denied both requests.[7]  Even assuming the court believed its only sentencing choices were between the upper term and middle term, the court's imposition of the upper term leaves no doubt that the trial court would not have imposed a lesser term and defendant therefore suffered no prejudice.

Second, defendant contends that his counsel was ineffective for failing to request a supplemental probation report[8] that would reflect any change in mitigating circumstances during his incarceration and present mitigating evidence.  As an initial matter, a probation report or supplemental probation report is required only when a defendant is eligible for probation or a term of imprisonment in county jail pursuant to section 1170, subdivision (h)(1) or if "a report is needed to assist the court with other sentencing issues …."  (Rule 4.411, subd. (a)(1)(A) & (B); accord, § 1203, subd. (b)(1).)  Because defendant had suffered a prior strike conviction, he was ineligible for probation or a jail commitment.  (§ 667, subd. (c)(2) & (4).)  Any supplemental probation report was therefore discretionary.  The resentencing court's decision not to order a supplemental probation report reflects the court's discretionary determination that a report would not have assisted it with sentencing issues.  (*In re Julian R.*, *supra*, 47 Cal.4th at p. 499 [" ' "[A] trial court is presumed to have been aware of and followed the applicable

---

[7]  Defendant does not argue that the trial court erred.

[8]  We note that there is no indication in the record that the trial court relied on the probation officer's report dated June 22, 2021, for the factual basis for any true finding on the circumstances in aggravation.  The trial court found true the circumstances in aggravation immediately after recognizing that it reviewed the certified records of defendant's convictions submitted by the prosecutor, suggesting that those documents were the basis for its findings.  Further, absent an indication in record to the contrary, we presume the trial court understood and followed the law.  (*In re Julian R.* (2009) 47 Cal.4th 487, 499.)  On the date of resentencing, section 1170, subdivision (b) prohibited the trial court from imposing the upper term in consideration of any circumstance in aggravation not found true by a jury or admitted by defendant except as provided in subdivision (b)(3).  Our prior opinion made the law on that point clear and the trial court did and said nothing at resentencing that would lead us to believe it did not understand.

law." ' "]; *People v. Lee* (2017) 16 Cal.App.5th 861, 867 [where the record is silent, appellate courts presume the trial court understood its discretion].)  Even assuming defendant's counsel had requested a probation report, whether the trial court would have ordered such a report prepared is speculative.  Assuming further that the court had ordered a supplemental probation report, nothing in the record suggests that the court would have found true any circumstances in mitigation or imposed a different sentence.[9] For those reasons, defendant has failed to demonstrate prejudice from the asserted deficient performance.

Defendant's contention that his counsel failed to present evidence of mitigating factors fares no better.  At sentencing, defendant's counsel commented that she understood that defendant "did not have any write-ups while he was in prison" after the original sentencing in this case.  Her comment suggests that she did some investigation into potential circumstances in mitigation.  As the People contend, a possible rational tactical purpose in defense counsel's failure to produce any mitigating evidence is that it did not exist beyond defendant's postsentence good conduct.  The record before us sheds no light on other potential mitigating circumstances.  As to defense counsel's failure to present evidence of defendant's postsentence conduct, we find no prejudice.  Defendant's offense of conviction in this case was assault by force likely to produce great bodily injury while incarcerated in state prison.  In light of the nature of the offense of conviction and the circumstances in aggravation (including defendant's considerable

---

[9]     Defendant relies on *People v. Mercant* (1989) 216 Cal.App.3d 1192, 1196 for the proposition that the failure to request a supplemental probation report was prejudicial. However, *Mercant* did not involve an ineffective assistance of counsel claim and the defendant was not ineligible for probation.  (*Id*. at p. 1194.)  In *Mercant*, the trial court did not order an updated probation report despite a three-year delay in initial sentencing when it was required to do so.  (*Id*. at p. 1195.)  In that situation, the defendant was not required to *prove* prejudice; the appellate court was instead considering whether the error was harmless.  (*Id*. at p. 1196.)  *Mercant* is therefore not instructive on the issue of prejudice in this case.

criminal history), there is no reasonable probability that presentation of approximately one year four months—the duration of time defendant was in prison after the judgment in this case—of good behavior in prison would have resulted in the court having imposed a sentence less than the upper term.

Third and finally, defendant contends that defense counsel failed "to make sure that the sentence [was] based on complete and accurate information." This kind of ineffective assistance of counsel claim is unsuited to review on direct appeal. We have before us only the record on appeal. The record does not affirmatively demonstrate that the information before the trial court was inaccurate or incomplete. Nor does it affirmatively demonstrate that defendant's counsel failed to inquire into the accuracy and completeness of the record. We therefore cannot find deficient performance or prejudice as to this claim. If information in the record is incomplete or inaccurate, the appropriate vehicle for relief is a petition for writ of habeas corpus. (See *People v. Mai*, *supra*, 57 Cal.4th at p. 1009; *People v. Sepulveda* (2020) 47 Cal.App.5th 291, 302.)

## DISPOSITION

The judgment is affirmed.