Filed 5/27/15  P. v. Kruse CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>RICHARD FREDERICK KRUSE,<br><br>        Defendant and Appellant. | A141912<br><br>(Mendocino County<br>Super. Ct. No. SCUKCRCR 10-15372) |

Defendant Richard Frederick Kruse appeals a prison sentence imposed on remand following an earlier appeal in which we found insufficient evidence to support the jury's verdict of commission of a forcible lewd act upon a child under age 14 (Pen. Code, § 288, subd. (b)(1))[1] and reduced the conviction to commission of a *nonforcible* lewd act upon a child under age 14 (§ 288, subd. (a)). (*People v. Kruse* (Dec. 6, 2013, A135642) [nonpub. opn.].) When resentencing defendant, the trial court imposed the upper term of eight years in prison. Defendant contends he received ineffective assistance of counsel at the resentencing hearing and that the court abused its discretion in denying probation and selecting the upper term of imprisonment. We shall affirm the sentence.

**Trial Evidence**

The evidence presented at trial is described at length in our opinion issued on the prior appeal. (*People v. Kruse* (Dec. 6, 2013, A135642) [nonpub. opn.].) We briefly

---

[1] All further section references are to the Penal Code, except as noted.

1

summarize that evidence here.[2] In 2008, defendant was a married 65-year-old man who babysat a girl, seven-year-old J.H., after school and on occasional sleep-overs. In May 2008, J.H. told a social worker that defendant touched her chest, buttocks, and vagina area. The police interviewed defendant. Defendant said J.H. was "definitely being molested" but not by him. He described J.H. as "a very sexual little girl" who made advances to him. Defendant admitted rubbing the child's arms, legs, back, abdomen and chest but claimed he did so at her request and as "a loving comfort thing," not for sexual arousal. At trial, 11-year-old J.H. testified that defendant touched her legs, chest and vagina with his hand, sometimes over her clothes and sometimes under her clothes, and did so despite her requests to stop. J.H. said that when defendant was touching her vagina he said, "If I told anybody, he would hurt me." Trial testimony also included an adult woman's account of being molested by defendant when she was a six-year-old child he babysat.

## Conviction, Sentencing and Appeal

The jury convicted defendant of a forcible lewd act upon a child under age 14. (§ 288, subd. (b)(1).) The court sentenced him to an upper prison term. On appeal, we modified the judgment to reduce the conviction from a forcible to a non-forcible lewd act and remanded the case for resentencing on the lesser offense. (§ 288, subd. (a).) A nonforcible lewd act is punishable by three, six, or eight years in prison.

## Resentencing Hearing

A supplemental probation report was prepared recommending denial of probation and imposition of the upper eight-year prison term. The probation report was a reiteration of the one presented at the original sentencing hearing, with a few additions highlighted in bold text.

In addressing the possibility of probation, the report summarized the results of a psychological examination of defendant performed following conviction. The

---

[2] Defendant's request for judicial notice of the record and opinion filed in the prior appeal is granted. (Evid. Code, § 452, subd. (d).)

psychologist found defendant to lack empathy for his victim and to exhibit "denial, minimization, and rationalization of blame onto other[s] for his own behavior and conduct, and cognitive distortion," making him "not amenable for sex offender treatment." The psychologist noted that defendant denied causing "any of the young girls he had associated with any emotional, mental or physical harm" and saw himself as "a 'pillar of the community' " who occupied a father's role with the prepubescent girls he befriended.

The probation officer evaluated criteria relevant to a probation assessment and concluded, consistent with his original report, that defendant "did not show any remorse" and did not acknowledge a need for treatment, making him ill-suited for probation. The report was supplemented to include the results of a recent interview with defendant, conducted just before the resentencing hearing. "Defendant stated: "last time everyone made a 'big deal about me not expressing remorse but I am remorseful.' " Defendant also said he should "get probation because he has medical conditions" and "provided the paperwork documenting this to his defense counsel."

In evaluating the appropriate prison term, the probation officer listed several circumstances in aggravation: the crime involved acts disclosing callousness, the manner in which the crime was carried out indicated planning, and defendant took advantage of a position of trust to commit the crime. (Cal. Rules of Court, rule 4.421(a)(1), (8), (11).) Only one circumstance was listed in mitigation: defendant has no prior criminal record. (*Id.*, rule 4.423(b)(1).)

Defense counsel filed a sentencing statement advocating imposition of the lower three-year term. Counsel disputed the presence of aggravating factors, contending that defendant was not callous, only "somewhat cavalier about [his] conduct," and that no planning was involved in the acts. Counsel urged the court to consider defendant's age, health concerns and strong community ties as mitigating factors, noting that the enumeration in the Rules of Court of "some criteria for the making of discretionary sentencing decisions does not prohibit the application of additional criteria reasonably related to the decision being made" (Cal. Rules of Court, rule 4.408(a)). Defendant was

71 years old at the time of resentencing and prison medical records filed with the court show him to suffer from chronic atrial fibrillation (irregular heartbeat). [3] Defense counsel asked the court to sentence defendant "to the mitigated term of three years, with custody time already served, and releasing him on either state parole or post release community supervision."

The judge before whom the case was tried presided at the resentencing hearing. The judge asked defense counsel to "elaborate on what the medical information is that you supplied to me." Counsel said: "The A-fib is [a] pretty serious condition. I know that they have him on kind of high risk at the state prison system. I have told [defendant] that the court is supposed to consider sentencing as of the date of conviction. I just felt it was something that the court needed to be aware of with respect to any resentencing so that [is the] reason I attached it. I just want the court to be aware of his present medical condition."

Counsel proceeded to argue for a mitigated term of imprisonment, listing the relevant factors as defendant's "age at the time of the conviction" and "the fact that he had no criminal history whatsoever." Defendant addressed the court, saying: "I am disappointed that [J.H.] and her family are not here because I have learned in prison that you have to accept responsibility and express remorse if you feel it. And I am – I am disappointed that I can't address the family and [J.H.] And I apologize and just tell her how sorry I am for my response – the things that I have done and the responsibility that I am taking."

The prosecutor said, "I agree with [defense counsel's] statement that the defendant's medical history as well as all the underlying facts should be looked at the time of sentencing, the original sentencing at the time of the offense as well." She reviewed the facts of the case and argued that defendant was not amendable to probation and that "the factors in aggravation outweigh those in mitigation in this matter."

---

[3] Defendant's heart condition is not stated to be a terminal illness or permanent incapacitation that would qualify him for compassionate release evaluation. (§ 1170, subd. (e).)

The judge said she remembered the testimony presented at trial and reviewed the supplemental probation report, the psychological report from the original sentencing hearing, defendant's sentencing statement, and letters submitted at both the original and resentencing hearings. The court denied probation based on "the facts of the case," "the factors set forth in the probation officer's report," and the psychologist's report. The court found defendant "unamenable to supervision" given his lack of insight and failure to appreciate "his sex offender status."

The court found "the circumstances in aggravation outweigh the circumstances in mitigation" and imposed the upper eight-year term. The court stated defendant's current age and acknowledged that defendant's lack of a criminal record "is a circumstance in mitigation" but noted several aggravating circumstances: defendant took advantage of a position of trust as the child's babysitter in committing the crime (Cal. Rules of Court, rule 4.421(a)(11)); defendant showed "a high degree of cruelty, viciousness, or callousness" by engaging in a course of lewd conduct with the child while trying to "shift[] blame" to someone else (*id.*, rule 4.421(a)(1)); and the victim was "particularly vulnerable" because she was alone with defendant in his home with "no ability to leave" or seek help, and defendant threatened the child with harm to prevent her from revealing the molestation (*id.*, rule 4.421(a)(3)).

Defendant timely filed a notice of appeal from the sentence.

## Discussion

1. <u>Defense counsel's errors at the resentencing hearing were not prejudicial.</u>

Defendant claims he was denied effective assistance of counsel when his attorney told the court, incorrectly, that only those sentencing factors existing at the time of defendant's conviction were applicable and thereby withdrew from consideration defendant's current medical condition and recently expressed feelings of remorse.

Defense counsel was mistaken in saying "the court is supposed to consider sentencing as of the date of the conviction." "The effect of our reversing [defendant's] sentence was to restore him to his original position as if he had never been sentenced." (*Van Velzer v. Superior Court* (1984) 152 Cal.App.3d 742, 744.) It is for this reason that

5

a supplemental probation report is prepared on remand—to permit the court to evaluate defendant's eligibility for probation and other sentencing issues under current conditions. (*People v. McClure* (1987) 191 Cal.App.3d 1303, 1305.) A defendant whose sentence has been vacated and returned to the trial court for resentencing "is entitled to all the normal procedures and rights available at the time judgment is pronounced [citations]. This includes the right [of a probation-eligible defendant] to a current probation report and any other information concerning [defendant] while incarcerated." (*Van Velzer, supra,* at p. 744.)

The Attorney General concedes that the court was required to consider all relevant circumstances existing at the time of resentencing but denies that defense counsel advocated otherwise. The Attorney General notes that defense counsel submitted a sentencing statement with current medical records. However, as noted above, when the court asked counsel to explain the significance of the medical records, counsel said "I have told [defendant] that the court is supposed to consider sentencing as of the date of conviction. I just felt it was something that the court needed to be aware of with respect to any resentencing so that [is the] reason I attached it." Defense counsel then argued for a mitigated term of imprisonment based on defendant's "age at the time of the conviction" and "the fact that he had no criminal history whatsoever," making no reference to defendant's current age, medical condition, recent expression of remorse or any other circumstances arising after imposition of the original sentence. The prosecutor understood defense counsel to say that only those facts existing at the time of the original sentence were relevant. The prosecutor said, "I agree with [defense counsel's] statement that defendant's medical history as well as all the underlying facts should be looked at the time of sentencing, the original sentencing . . . ." Read as a whole, the record shows that defense counsel (and the prosecutor) mistakenly thought the court could consider only those circumstances existing at the time of the original sentence.

The attorney error, however, was not prejudicial. To establish ineffective assistance of counsel, a defendant must show both "that counsel's representation fell below an objective standard of reasonableness" (*Strickland v. Washington* (1984) 466

6

U.S. 668, 688) and "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" (*id.* at p. 694). "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." (*Id.* at p. 691.)

There is no indication in the record that the court was misled by defense counsel's error. The record is silent on the matter. The court did not state that it accepted or rejected counsel's position that only circumstances existing at the time of the original sentence were relevant at resentencing. On appeal, all relevant sentencing criteria must "be deemed to have been considered unless the record affirmatively reflects otherwise." (Cal. Rules of Court, rule 4.409.) "It is a basic presumption indulged in by reviewing courts that the trial court is presumed to have known and applied correct statutory and case law in the exercise of official duties." (*People v. Mack* (1986) 178 Cal.App.3d 1026, 1032.) Absent evidence to the contrary, that presumption justifies a finding that the court knew it could consider recent developments but found them insufficient to warrant a grant of probation or a shorter prison term.[4]

Moreover, it is not reasonably probable that defendant would have received a more favorable sentence had defense counsel understood the relevance of current circumstances and advocated consideration of defendant's medical condition and recent expressions of remorse. The trial court twice denied probation and imposed upper prison terms. The court's comments at resentencing make it clear that it viewed defendant as unsuited for probation "because of the facts of the offense" and his failure to acknowledge his need for treatment as a child molester. In denying probation, the court explained that it was not a matter of whether defendant "expressed remorse for his conduct, but [whether he] expressed appreciation of his sex offender status." The court's evaluation of aggravating and mitigating factors also make it clear that the court would

---

[4] On the same basis, we reject defendant's related argument that the court failed to exercise its discretion in an informed manner when it denied probation. There is no evidence in the record that the court shared counsel's mistaken belief that post-conviction circumstances were irrelevant at resentencing.

have imposed the upper term even if defense counsel had urged leniency based on current circumstances. The court was emphatic in its conclusion that the crime warranted the upper term and the record fully supports that conclusion, as we discuss next.

2. The trial court did not abuse its discretion in imposing the upper term.

Defendant asserts the trial court relied on aggravating circumstances that are not founded in the record and failed to accord proper weight to mitigating circumstances.

"When a judgment of imprisonment is to be imposed and the stature specifies three possible terms, the choice of the appropriate term shall rest within the sound discretion of the court." (§ 1170, subd. (b).) "The court shall select the term which, in the court's discretion, best serves the interests of justice." (*Ibid.*) The court need not state its findings as to the applicability of each aggravating and mitigating factor listed in the rules. Its obligation is to state "in simple language the primary factor or factors that support the exercise of discretion." (Cal. Rules of Court, rule 4.406(a).) The selection of the appropriate term will be affirmed on appeal absent an abuse of discretion. (*People v. Sandoval* (2007) 41 Cal.4th 825, 847.) "The trial court's sentencing discretion must be exercised in a manner that is not arbitrary and capricious, that is consistent with the letter and spirit of the law, and that is based upon an 'individualized consideration of the offense, the offender, and the public interest.' " (*Ibid.*) "[A] trial court will abuse its discretion . . . if it relies upon circumstances that are not relevant to the decision or that otherwise constitute an improper basis for decision." (*Ibid.*)

There is ample support for the court's findings here that defendant "took advantage of a position of trust," the crime disclosed "a high degree of cruelty, viciousness, or callousness" and the victim was "particularly vulnerable." (Cal. Rules of Court, rules 4.421(a)(1), (a)(3), (a)(11).) As to the first factor - taking advantage of a position of trust—defendant contends that many child molestations "occur between people that know one another, and are left in someone's care, and when they are alone," making defendant's offense no worse than most. But the evidence here shows that defendant actively cultivated the trust of young girls and their parents by coaching a youth club and representing himself as a "pillar of the community" who provided support

8

and care to troubled girls and their families. Defendant then exploited that position of trust to gain private access to children for his sexual gratification.

The evidence also supports the court's finding that defendant showed "a high degree of cruelty, viciousness, or callousness." (Cal. Rules of Court, rule 4.421(a)(1).) As the court noted, defendant engaged in a course of lewd conduct with the child while trying to "shift[] blame" to someone else as the purported molester and blaming the child herself, saying she made sexual advances to him and wanted to be sexually "stimulated." Defendant denies the egregiousness of his behavior, relying upon his self-serving statements to the police in which he admitted repeatedly touching the child but claimed he did so without sexual intent. The court was free to discount the claim of innocence as it was rejected by the jury.

The court also properly found the victim to be particularly vulnerable. Defendant asserts that the court relied upon the victim's youth in finding vulnerability, which was improper because her young age was an element of the offense. In fact, the court clearly stated that its finding of vulnerability was not based on the victim's age but on the facts that she was alone with defendant in his home with "no ability to leave" or seek help and that defendant threatened the child with harm to prevent her from revealing the molestation. The record fully supports these findings.

Finally, the record refutes defendant's claim that the court failed to weigh relevant mitigating factors. The court said it conducted an "objective application of factors" relevant to sentencing. It expressly noted defendant's advanced age at the time of conviction and resentencing and his lack of a criminal record, ultimately finding the lack of a criminal record to be a "circumstance in mitigation." Defendant contends his military service, medical condition and letters of support were not considered. But the information was considered; it was simply found insufficient to constitute a mitigating factor. The court expressly stated that it reviewed the probation report, defendant's sentencing statement and letters of support. The court remarked that a letter of support from defendant's wife was "a good letter" and the probation report and sentencing statement detailed defendant's atrial fibrillation and four years of service in the Coast Guard in the

9

1960's. The court was not required to accord weight to these facts or to state on the record its determination as to their significance in its sentencing decision. The court's duty was to make "an 'individualized consideration of the offense, the offender, and the public interest' " in selecting the appropriate term of imprisonment. (*People v. Sandoval*, *supra*, 41 Cal.4th at p. 847.) This duty was fully and fairly performed.

### Disposition

The sentence is affirmed.

_____
Pollak, J.

We concur:

_____
McGuiness, P. J.

_____
Jenkins, J.