Filed 3/25/22  P. v. Warner CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C092747 |
| Plaintiff and Respondent, | (Super. Ct. No. CM034653) |
| v. | |
| SHANE MICHAEL WARNER, | |
| Defendant and Appellant. | |

Defendant Shane Michael Warner was found guilty of assault with a semiautomatic firearm and attempted voluntary manslaughter.  In conjunction with these convictions, enhancements were found true, and sentences were imposed for the personal use of a firearm and personal infliction of great bodily injury.  While defendant's first appeal was pending, the Legislature enacted Senate Bill No. 620 (2017-2018 Reg. Sess.) (Stats. 2017, ch. 682) (Senate Bill 620).  We rejected the majority of defendant's arguments on appeal; however, we remanded the matter for the trial court to decide whether to exercise its newly bestowed discretion to strike the firearm enhancement.

1

After a hearing on remand, the trial court declined to strike the enhancement.  Defendant appeals, claiming the trial court failed to adequately consider his postconviction activities.  While this appeal was pending, the Governor signed Assembly Bill No. 124 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 695) (Assembly Bill 124) and Senate Bill No. 567 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 731) (Senate Bill 567), both effective January 1, 2022.  In supplemental briefing, defendant asserts these enactments apply to his case, and the matter must be remanded for resentencing because both enactments affect the trial court's discretionary decision to impose upper term sentences.  The People agree remand is warranted based on these enactments, and we agree with the parties.  We will affirm the judgment of conviction and remand the matter to the trial court for full resentencing.  (See *People v. Buycks* (2018) 5 Cal.5th 857, 893.)

BACKGROUND

As the facts in this matter are undisputed, we draw them from *People v. Warner* (Dec. 16, 2019, C077711 [nonpub. opn.] ) review denied and opinion ordered nonpublished March 25, 2020, S260341 (*Warner*).[1]

On a Saturday night of a long holiday weekend, defendant took an unregistered semiautomatic handgun, concealed in his waistband, into a bar.  (*Warner, supra*, C077711, [at pp. 2, 4].)  There were about 280 patrons plus staff in the bar, and about 50 patrons on the back patio area where the shooting occurred.  (*Id*. [at p. 5].)  "[Defendant] shot across the bar's semidark dance floor, illuminated by a strobe light, at I. Smith, who had attacked him a few weeks earlier.  Defendant emptied the gun's clip of 10 bullets," hitting and wounding his primary target Smith and an innocent bystander, N.C.  (*Id*. [at p. 2].)  He "emptied his clip into Smith as Smith lay on the ground," then yelled in a celebratory fashion and ran out of the bar.  (*Id.* [at p. 5].)

---

[1] We granted defendant's request to take judicial notice of this opinion.

Ten spent casings fired from defendant's gun were found at the scene of the shooting. (*Warner, supra*, C077711, [at p. 6].) The bullets recovered from the victims' bodies were also fired from defendant's gun. At least some of the bullets were hollow-point bullets, "designed to open up when they strike human tissue and create more damage." (*Id.* [at p. 6].)

"N.C. was treated for a gunshot that entered her right shoulder, went into her chest, and out her back. She had a collapsed lung and bruising on her hip where a bullet lodged in her ID card. . . . At least four bullets struck [Smith], causing approximately eight bullet wounds. Smith suffered internal bleeding and received 27 blood transfusions. Two bullets were not able to be removed because they were lodged too close to his spine. Smith's spleen and part of his left lung were removed. Smith was in the hospital for two weeks, then was transferred to a rehabilitation hospital." (*Warner, supra*, C077711, [at p. 6].) "Defendant claimed to have acted in self-defense, but there was no evidence that Smith was armed." (*Id.* [at p. 2].)

The jury found defendant guilty of attempted voluntary manslaughter of N.C., assault with a semiautomatic firearm of N.C., found true the special allegation that defendant personally used a firearm within the meaning of Penal Code section 12022.5, subdivision (a),[2] and personally inflicted great bodily injury within the meaning of section 12022.7, subdivision (a). (*Warner, supra*, C077711, [at p. 7].) The trial court imposed and stayed the upper term sentence for attempted voluntary manslaughter, and sentenced defendant to the upper term of nine years for assault with a semiautomatic firearm. The trial court also sentenced defendant to 13 years for the enhancements, including the upper term of 10 years for the firearm enhancement, for an aggregate sentence of 22 years. (*Ibid.*)

---

[2] Undesignated statutory references are to the Penal Code.

3

Defendant appealed his conviction and sentence on several bases, including that the matter should be remanded to the trial court for consideration as to whether to strike the section 12022.5 firearm enhancement pursuant to Senate Bill 620. We remanded this matter to the trial court to exercise its newly bestowed discretion as to whether to strike the firearm enhancement. (*Warner, supra*, C077711, [at pp. 35-37].)

At the resulting hearing, the trial court indicated it had reviewed the entire case file, including the probation report from 2014, numerous letters from 2014 including a letter from defendant, and portions of the jury trial transcript. The trial court then stated its intention was "not to exercise my discretion under the facts and circumstances of this case, but I will certainly hear from counsel." Defendant addressed the court and described the activities he had engaged in during the six years since his incarceration began. He stated that he had written letters to the victims, participated in Alcoholics Anonymous and Narcotics Anonymous, and "completed programs for re-entry."

After the matter was submitted, the trial court stated, "after careful consideration of the materials cited, argument of counsel, and [defendant's] comments, I decline to exercise my discretion." The court noted defendant had obtained an unregistered firearm and hidden it in his waistband to take it into the bar. Defendant fired his weapon, until it was empty, into a bar that had approximately 280 patrons, a strobe light, music playing, and people dancing. N.C. was unarmed and an innocent bystander. The court concluded that "defendant's use of a firearm, under these circumstances and facts, was highly dangerous. For all of those reasons, the Court is declining to strike the firearm enhancement."

DISCUSSION

I

*The Trial Court's Consideration of Whether to Strike the Firearm Enhancement*

Defendant claims the trial court abused its discretion in failing to adequately consider his postconviction behavior in deciding whether to strike the firearm

4

enhancement. Defendant appears to argue both that: (1) the trial court should have exercised its discretion to order supplemental materials about his postconviction conduct, as his remarks alone were inadequate, and (2) the trial court did not give sufficient weight to his statements concerning his postconviction conduct. As discussed in part II, *post*, we must remand for full resentencing following the passage of Assembly Bill 124 and Senate Bill 567. Thus, to the extent defendant contends the trial court's ultimate determination at the first resentencing, declining to strike the firearm enhancement, constituted an abuse of discretion, the contention is moot. We nevertheless address the merits of defendant's contentions concerning the *manner* in which the trial court conducted resentencing, among other reasons, as guidance for the trial court on remand.[3]

A. *Legal Background*

Section 12022.5, subdivision (a) provides, in pertinent part, and with exceptions not relevant here, that "any person who personally uses a firearm in the commission of a felony or attempted felony shall be punished by an additional and consecutive term of imprisonment in the state prison for 3, 4, or 10 years . . . ." However, Senate Bill 620 amended subdivision (c) of section 12022.5 so as to provide that the "court may, in the interest of justice pursuant to Section 1385 and at the time of sentencing, strike or dismiss an enhancement otherwise required to be imposed by this section. The authority provided by this subdivision applies to any resentencing that may occur pursuant to any other law." (§ 12022.5, subd. (c), as amended by Stats. 2017, ch. 682, § 1.)

" '[A] court's discretionary decision to dismiss or to strike a sentencing allegation under section 1385 is' reviewable for abuse of discretion. [Citation] " (*People v. Carmony* (2004) 33 Cal.4th 367, 373.) Absent an indication to the contrary, we presume

---

[3] Neither defendant nor the People assert in their supplemental briefing that these issues raised in defendant's original opening brief are moot.

5

the trial court considered all relevant facts and arguments. (*Peake v. Underwood* (2014) 227 Cal.App.4th 428, 447; *People v. Myers* (1999) 69 Cal.App.4th 305, 310.)

In determining whether to strike an enhancement, the trial court is to apply the factors identified in the California Rules of Court. Included among the factors in aggravation is that: "(1) The crime involved great violence, . . . threat of great bodily harm, or other acts disclosing a high degree of cruelty, viciousness, or callousness; [¶] . . . [¶] [and] (8) The manner in which the crime was carried out indicates planning, sophistication, or professionalism." (Cal. Rules of Court, rule 4.421(a)(1), (8).)[4] Further, the court may consider whether the "defendant has engaged in violent conduct that indicates a serious danger to society." (Rule 4.421(b)(1).) The trial court is also to consider general objectives in sentencing, including protecting society, punishing the defendant, and deterring the defendant from future offenses. (Rule 4.410(a)(1)-(3).)

*B. The Need for Additional Postconviction Evidence*

We first consider whether the trial court abused its discretion in not obtaining more evidence concerning defendant's postconviction rehabilitative efforts and behavior. When a defendant is not statutorily entitled to probation, the trial court is not required to order a probation report. (*People v. Webb* (1986) 186 Cal.App.3d 401, 409.) It is within the trial court's "sound discretion" as to whether referral to a probation officer is appropriate. (*Ibid.*) "[I]n many cases obtaining a new report will be a meaningless exercise. The trial court is in the best position to evaluate the need for an updated report, with the input of counsel." (*People v. Bullock* (1994) 26 Cal.App.4th 985, 990.) There is no abuse of discretion when there is no request for an updated probation report, no evidence that the trial court acted on incomplete information, or that "there was information which [defendant] wished to have considered that was not." (*Ibid.*)

---

[4] Undesignated rule references are to the California Rules of Court.

6

Defendant did not make a request at the hearing for a new probation report or for the opportunity to obtain and introduce additional evidence. Defendant was given a full opportunity to speak concerning any evidence he thought the trial court should consider. Defendant's comments served to summarize his postconviction rehabilitative efforts, including writing letters to the victims, participating in Alcoholics Anonymous and Narcotics Anonymous, and completing "programs for re-entry." The trial court explicitly considered defendant's comments concerning his rehabilitative efforts. Because the trial court reviewed evidence of defendant's postconviction conduct prior to declining to strike the enhancement, the cases relied upon by defendant are inapposite. (See *People v. Warren* (1986) 179 Cal.App.3d 676 [trial court refused to review postconviction behavior, despite such evidence being properly before it]; *People v. Brady* (1984) 162 Cal.App.3d 1 [trial court refused to order new probation report in connection with resentencing]; *Van Velzer v. Superior Court* (1984) 152 Cal.App.3d 742 [trial court refused to consider matters occurring since original sentencing].) Moreover, the prosecutor's remarks opposing consideration of defendant's postconviction rehabilitative efforts did not represent the position of the court. Additionally, this is not a case where a probation report or other evidence was necessary for the trial court to fully understand what defendant's postconviction activities had been.

Defendant points us to no evidence in the record, nor have we found any, that "the trial court acted on incomplete information or that there was information which [defendant] wished to have considered that was not." (*People v. Bullock, supra*, 26 Cal.App.4th at p. 990.) There is further nothing in the record "suggesting the trial court incorrectly believed it could not order a probation report had it wanted to do so." (*Ibid.*)

At best, defendant offers speculation that supplemental information might have provided the trial court information about his in-custody behavior, efforts at rehabilitation and treatment, and other postconviction information relevant to the trial court's decision

7

about whether to strike the enhancement. Such speculation is insufficient to show an abuse of discretion. In short, there is no evidence that the court did not properly exercise its discretion. Given the evidence placed before the court concerning defendant's postconviction activities, the trial court was within its "sound discretion" in determining that additional evidence was not necessary. (*People v. Webb, supra*, 186 Cal.App.3d at p. 409.)

### C. Weighing Evidence

We also reject defendant's argument that the trial court did not give sufficient weight to his statements at the hearing. Defendant has not provided any authority to support his implication that declining to give more weight to his remarks and less weight to the circumstances of the crime constituted an abuse of discretion. "To demonstrate error, appellant must present meaningful legal analysis supported by citations to authority and citations to facts in the record that support the claim of error." (*In re S.C.* (2006) 138 Cal.App.4th 396, 408.) In any event, as we shall now discuss, the matter must be remanded for full resentencing.

## II

### *Assembly Bill 124 and Senate Bill 567*

In his supplemental brief, defendant argues the matter must be remanded so the trial court may resentence him in light of new legislative enactments, Assembly Bill 124 and Senate Bill 567. The People agree remand is required, as do we.

While this appeal was pending, the Governor signed Assembly Bill 124 and Senate Bill 567, both of which make changes affecting trial court sentencing discretion, and both of which became effective January 1, 2022. Among other things, Assembly Bill 124 sets a presumption that the trial court will impose the lower term under specified circumstances, including, as relevant here, when a defendant was under 26 years of age at the time of the offense and that was a contributing factor in the commission of the offense. (§ 1170, subd. (b)(6)(B), added by Stats. 2021, ch. 695, § 5.3.) Senate Bill 567,

8

among other things, generally limits the trial court's ability to impose the upper term unless aggravating circumstances have been stipulated to by the defendant or found true beyond a reasonable doubt by a jury or by the court in a court trial. (§ 1170, subd. (b)(1), (2), added by Stats. 2021, ch. 731, § 1.3.) Evidence of the defendant's prior convictions, in the form of certified records of conviction, is an exception to this general rule and need not be submitted to a jury. (§ 1170, subd. (b)(3), added by Stats. 2021, ch. 731, § 1.3.)

Generally, a penal statute does not apply retroactively unless the legislation expressly states its retroactive effect. (§ 3.) There is an exception to this general rule for statutes reducing criminal punishment which, absent a legislative statement to the contrary, apply retroactively to all cases that were not final when the legislation takes effect. (See *In re Estrada* (1965) 63 Cal.2d 740, 744.) Under *Estrada*, "when the Legislature enacts a law ameliorating punishment without including an express savings clause or a similar indicator of its intent to apply the law prospectively only, we infer an intent 'that the new statute imposing the new lighter penalty now deemed to be sufficient should apply to every case to which it constitutionally could apply.' [Citation.] In this category we included cases in which the criminal act was committed before the statute's passage, so long as the judgment is not yet final. [Citation.] Thus, under *Estrada*, ' "[A]n amendatory statute lessening punishment is presumed to apply in all cases not yet reduced to final judgment as of the amendatory statute's effective date" [citation], unless the enacting body "clearly signals its intent to make the amendment prospective, by the inclusion of either an express saving clause or its equivalent." ' " (*People v. Lara* (2019) 6 Cal.5th 1128, 1134, quoting *Estrada*, at p. 745 & *People v. DeHoyos* (2018) 4 Cal.5th 594, 600.) Nothing in Assembly Bill 124 or Senate Bill 567 suggests legislative intent that the amendments apply prospectively only, and the parties agree, as do we, that defendant is entitled to the benefits of these legislative enactments.

The trial court imposed the upper term on the assault conviction and the firearm enhancement and imposed and stayed the upper term on the attempted voluntary

9

manslaughter conviction.  As defendant asserts, it appears that no factor in aggravation supporting the upper term sentences was stipulated by defendant or found true beyond a reasonable doubt by the jury.  (See § 1170, subd. (b)(2), added by Stats. 2021, ch. 731, § 1.3.)  Nor could the court have considered, at the time of sentencing and the first resentencing, subdivision (b)(6)(B) of section 1170, which provides that, "[n]otwithstanding paragraph (1), and unless the court finds that the aggravating circumstances outweigh the mitigating circumstances that imposition of the lower term would be contrary to the interests of justice, the court shall order imposition of the lower term if any of the following was a contributing factor in the commission of the offense: [¶] . . . [¶]  (B) The person is a youth, or was a youth as defined under subdivision (b) of Section 1016.7 at the time of the commission of the offense."  (§ 1170, subd. (b)(6)(B), added by Stats. 2021, ch. 695, § 5.3.)  A "youth" as defined in subdivision (b) of section 1016.7 "includes any person under 26 years of age on the date the offense was committed."  It is undisputed defendant was 25 years old at the time he committed his offenses.

We agree with the parties that remand is appropriate so the trial court may fully resentence defendant in light of changes effected by Assembly Bill 124 and Senate Bill 567.  (See *People v. Buycks, supra*, 5 Cal.5th at p. 893 ["on remand for resentencing 'a full resentencing as to all counts is appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances' "].)

## DISPOSITION

The judgment of conviction is affirmed.  The matter is remanded to the trial court for full resentencing.  At resentencing, the trial court shall resentence defendant consistent with the changes effected by Assembly Bill 124 and Senate Bill 567.

10

                              \s\                    ,
                              BLEASE, J.


We concur:



           \s\           ,
RAYE, P. J.



           \s\           ,
HULL, J.